UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,                    CASE NO. 4:12-20385

               Plaintiff,

Vs.                                          JUDGE MARK GOLDSMITH
                                             MAGISTRATE JUDGE
SAMUEL DUANE JOHNSON, JR.,                    MICHAEL HLUCHANIUK

               Defendant,
_____

JULES DEPORRE                        GLENN M. SIMMINGTON P33626
Asst. United States Attorney         Attorney for Defendant
Attorneys for Plaintiff              503 S. Saginaw Street
600 Church Street                    Ste. 1000
Flint, MI  48502                     Flint, MI  48502
(810) 766-5031                       (810) 600-4211
FAX:  (810) 766-5427                 FAX:  (810) 232-1079
jules.deporre@usdoj.gov              simmingtonlaw@gmail.com
_____

### DEFENDANT'S MOTION TO SUPPRESS EVIDENCE

Defendant, Samuel Duane Johnson, Jr., by and through his attorney, Glenn M. Simmington, of the Law Office of Glenn M. Simmington, PLLC, moves this Honorable Court, pursuant to the Fourth and Fourteenth Amendments to the United States Constitution, and F.R. Crim. P. 12, to conduct an evidentiary hearing and enter an order suppressing all evidence obtained from Defendant on May 25, 2012, in Flint, Michigan.  Defendant files a Brief in Support and further states as follows:

1

1.      Defendant is currently charged in an indictment dated June 6, 2012, accusing him of the crime of Felon in Possession of a Firearm, in violation of 18 U.S.C. § 922(g)(1).

2.      On May 25, 2012, at approximately 2:00 a.m., Defendant left his employment at Happy's Pizza, near Clio and Pierson Roads, in Flint, and headed toward his 2522 Mallery St., Flint home, driving southbound on Clio Road in a 2004 Silver Ford Expedition registered jointly to, and owned jointly by, his wife, Nishkayuna      Johnson,      and      his      father,      Samuel      Johnson,      Sr.

3.      May 26, 2012, was a Friday, and thus, at approximately 2:00 a.m., Defendant was driving home on what was, for most intents and purposes, a very late Thursday night.

4.      It will be undisputed that Clio Road, between Pierson Road and Welch Blvd., becomes a heavily travelled and "boisterous" stretch of highway between nightfall and approximately 3:00 a.m. on "weekend" nights, with stop-and-go traffic, parking lot gatherings, and the like.

5.      Upon approaching this area of Clio Road, specifically where it intersects with Cooper Ave, Defendant turned left, in an eastbound direction on Cooper, traveled one block to Wisner Street, and then turned southbound on Wisner, heading still in the direction of his Mallery Street home.

2

6.     It is, presumably, the Government's position that the Defendant, as he negotiated this southbound turn, onto Wisner from eastbound Cooper, failed to obey the stop sign at that location, and thus that the Michigan State Police Troopers who eventually arrested him had probable cause to effectuate the traffic stop that brought them, and him, into contact with one another.

7.     The "Defendant disputes . . . [, however,] that the officers who initiated his traffic stop had this, or any other, valid basis to deprive him of his liberty by stopping him." (See Defendant's Motion and Demand for Disclosure of Exculpatory Evidence and Rule 16 Discovery Materials, ([R14], p.2, paragraph 6.)

(8.     To Defendant's knowledge, no other basis for the stop is, in fact, claimed by either the Government, or the Troopers involved.)

9.     Moreover, Defendant affirmative states that an evidentiary hearing is necessary to determine the facts of this matter, and to arrive at a conclusion of law regarding the constitutionality of his seizure, as above-described.

10.     Defendant, moreover, has not brought this Motion without having first engaged in reasonable efforts to investigate the purported underpinnings of the Government's allegations regarding that seizure, to wit, inter alia:

> (a) by serving a "demand for disclosure" letter on the United States Attorney on September 19, 2013, requesting that the Government produce "any and all . . . dash-cam videos,   . . . dispatch logs, radio-traffic recordings and/or transcripts of same, and handwritten

notes of law enforcement personnel in any way related to Defendant's traffic-stop and/or arrest . . .";

(b)   By serving FOIA requests on the Michigan State Police, requesting the same items;

(c)   By making numerous contacts with the U.S. Attorney's office, when no such discovery was forthcoming;

(d)   By serving a second demand for disclosure letter on the United States Attorney, dated October 29, 2013, renewing the request for such items that had been demanded in the September 19 letter, *and* requesting either the production, or a delivery to the Court for in-camera inspection, only, of information, of any type or nature, that might pertain to "complaints, internal investigations, disciplinary investigations and/or civil legal actions involving Michigan State Troopers J. Walters, #151, and B. Ross, #1001;" and

(e)   By filing a Motion and Demand for Disclosure of Exculpatory Evidence and Rule 16 Discovery Materials specifically demanding these items and materials, when discovery of them remained unforthcoming, on November 29, 2013.

11.   It is against the above-described backdrop that Defendant now brings this Motion, and based upon the authorities cited in the attached brief, Defendant now requests the scheduling of an evidentiary hearing, the same being necessary to determine the facts of this matter, and to arrive at a conclusion of law.

WHEREFORE, Defendant SAMUEL DUANE JOHNSON, JR., respectfully requests that this Honorable Court

(1)   Schedule an evidentiary hearing,

4

(2)     Recognize the Defendant's right to testify at such a hearing;

(3)     Consider ordering, should the Defendant testify, that cross-examination of him by the United States Attorney be limited so as to exclude matters beyond:

    (a)     The circumstances underlying the Government's purported validity of the traffic stop; and

    (b)     General credibility issues (*see* <u>Mulligan v. United States</u>, 358 F.2d 604, 608 (8th Cir. 1966); and

(4)     Suppressing all evidence obtained from Defendant on May 26, 2012.

Respectfully submitted,

Dated: February 10, 2014           <u>s/Glenn M. Simmington</u>
                              GLENN M. SIMMINGTON  P33626
                              Attorney for Defendant
                              503 S. Saginaw Street, Ste. 1000
                              Flint, MI  48502
                              (810) 600-4211
                              simmingtonlaw@gmail.com

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,                    CASE NO. 4:12-20385

          Plaintiff,

Vs.                                          JUDGE MARK GOLDSMITH
                                             MAGISTRATE JUDGE
SAMUEL DUANE JOHNSON, JR.,                    MICHAEL HLUCHANIUK

          Defendant,
_____

| | |
|---|---|
| JULES DEPORRE | GLENN M. SIMMINGTON P33626 |
| Asst. United States Attorney | Attorney for Defendant |
| Attorneys for Plaintiff | 503 S. Saginaw Street |
| 600 Church Street | Ste. 1000 |
| Flint, MI  48502 | Flint, MI  48502 |
| (810) 766-5031 | (810) 600-4211 |
| FAX:  (810) 766-5427 | FAX:  (810) 232-1079 |
| jules.deporre@usdoj.gov | simmingtonlaw@gmail.com |

_____

## BRIEF IN DEFENDANT'S MOTION TO SUPPRESS EVIDENCE

Samuel D.  Johnson, Jr., Defendant, is currently charged in an indictment,

dated June 6, 2012, accusing him of the crime of Felon in Possession of a Firearm

in violation of 18 U.S.C. §922(g)(1).   Because Mr. Johnson's criminal history

includes three (3) convictions which the Government maintains are "crimes of

violence" that fall within the contemplation of 18 U.S.C. §§924(e)(2)(B), and

924(e)(2)(B)(ii), respectively, he is also accused of being subject to the Armed Career Criminal Act ("ACCA"), 18 U.S.C. §924(e). Thus, in addition to facing punishment under §922(g)(1), the Government claims Mr. Johnson is subject to a mandatory 15 year sentence of incarceration under §924(e).

On May 25, 2012, at approximately 2:00 a.m., Defendant left his employment at Happy's Pizza, near Clio and Pierson Roads, in Flint, and headed toward his 2522 Mallery St., Flint home, driving southbound on Clio Road in a 2004 Silver Ford Expedition registered jointly to, and owned jointly by, his wife, Nishkayuna Johnson, and his father, Samuel Johnson, Sr.

May 25, 2012, was a Friday, and thus, at approximately 2:00 a.m., Defendant was driving home on what was, for most intents and purposes, a very late Thursday night.

In that regard, it will be undisputed that Clio Road, between Pierson Road and Welch Blvd., becomes a heavily travelled and "boisterous" stretch of highway between nightfall and approximately 3:00 a.m. on many nights, (including Thursday nights), with stop-and-go traffic, parking lot gatherings, and the like.

Upon approaching this area of Clio Road, specifically where it intersects with Cooper Ave, Defendant turned left, in an eastbound direction on Cooper, traveled one block to Wisner Street, and then turned southbound on Wisner, heading still in the direction of his Mallery Street home.

Pursuant to the discovery that has been provided to date, (including the Michigan Department of State Police "original Incident Report"), it will be the Government's position that the Defendant, as he negotiated this southbound turn, onto Wisner from eastbound Cooper, failed to obey the stop sign at that location, and thus that the Michigan State Police Troopers who eventually arrested him had probable cause to effectuate the traffic stop that brought them, and him, into contact with one another.   For his part, however, the "Defendant disputes . . . that the officers who initiated his traffic stop had this, or any other, valid basis to deprive him of his liberty by stopping him."   (*See* Defendant's Motion and Demand for Disclosure of Exculpatory Evidence and Rule 16 Discovery Materials, ([R14], p.2, paragraph 6.)

(Indeed, to Defendant's knowledge, no other basis for the stop is, in fact, claimed by either the Government, or the Troopers involved.)

More specifically, Mr. Johnson challenges the Government's allegation that he failed to obey the stop sign at the intersection of Wisner and Cooper Streets, and thus that there exists any valid constitutional support for Mr. Johnson's traffic stop by Troopers J. Walters and B. Ross.   (That Mr. Johnson's stop was a *seizure*, implicating the Fourth Amendment's protections against unreasonable searches and seizures, is not in controversy.  "A person is seized by the police and thus entitled to challenge the Government's action under the Fourth Amendment when

the officer, by means of physical force or show of authority, terminates or restrains his freedom of movement, through means intentionally applied." Brendlin v. California, 551 U.S. 249, 254 [2007]. Further, to determine whether a person is seized for Fourth Amendment analysis, "[t]he proper inquiry . . . is whether a reasonable person would feel free to decline the officers' requests or otherwise terminate the encounter." U.S. v. Drayton, 536, U.S. 194, 202 [2002]. Finally, "[t]he law is settled that in Fourth Amendment terms a traffic stop entails a seizure of the driver even though the purpose of the stop is limited and the resulting detention quite brief[,]" Brendlin, at 255, and before the traffic stop can even occur, there must be an "articulable and reasonable suspicion that a motorist . . . is subject to seizure for violation of law . . . ." Delaware v. Prouse, 440 U.S. 648, 663 [1979].)

In short, the Defendant contests the allegation that he failed to obey the stop sign in question, (as well as the basis for any allegation that any other reasonable grounds existed to interfere with his liberty by stopping him), and asserts that an evidentiary hearing is necessary to determine the facts of this matter, and to arrive at a conclusion of law regarding the constitutionality of his seizure, as above-described.

In support of his position, Defendant Johnson hereby gives notice of his reliance upon the following legal authorities: (1) U.S. Const., Amed. IV; (2) U.S.

Const., Amed XIV; (3) <u>Terry v. Ohio</u>, 391 U.S. 1 (1968); (4) <u>Brendlin</u>, *supra*; (5) <u>Drayton</u>, *supra*; and (6) <u>Prouse</u>, *supra*.

These authorities establish finally, that if Troopers Walters and Ross, *prior to their "seizure" of Defendant Johnson,* had neither (1) any actual knowledge of that he disobeyed the subject stop sign, nor (2) a reasonable basis to believe that Mr. Johnson was otherwise engaged in criminal activity, all evidence obtained from Mr. Johnson after the stop, (including but not limited to the handgun here at issue) must be suppressed.

WHEREFORE, Defendant SAMUEL DUANE JOHNSON, JR., respectfully requests that this Honorable Court

(1)    Schedule an evidentiary hearing,

(2)    Recognize the Defendant's right to testify at such a hearing;

(3)    Consider ordering, should the Defendant testify, that cross-examination of him by the United States Attorney be limited so as to exclude matters beyond:

    (a)    The circumstances underlying the Government's purported validity of the traffic stop; and

    (b)    General credibility issues (see Mulligan v. United States, 358 F.2d 604, 608 (8th Cir. 1966); and

(4)     Suppressing all evidence obtained from Defendant on May 26, 2012.


                                        Respectfully submitted,


Dated: February 10, 2014           s/Glenn M. Simmington
                                   GLENN M. SIMMINGTON  P33626
                                   Attorney for Defendant
                                   503 S. Saginaw Street, Ste. 1000
                                   Flint, MI  48502
                                   (810) 600-4211
                                   simmingtonlaw@gmail.com


## CERTIFICATE OF SERVICE

The undersigned certifies that on the 10th day of February, 2014, the foregoing Motion to Suppress Evidence and Memorandum of Law in Support were filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.


Dated: February 10, 2014           s/Glenn M. Simmington
                                   GLENN M. SIMMINGTON  P33626
                                   Attorney for Defendant
                                   503 S. Saginaw Street, Ste. 1000
                                   Flint, MI  48502
                                   (810) 600-4211
                                   simmingtonlaw@gmail.com