UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

       Plaintiff,

                                       Criminal Case No. 12-20385
v.                                  Honorable Linda V. Parker

SAMUEL DUANE JOHNSON, JR.,

       Defendant.

_____/

## OPINION AND ORDER (1) REJECTING MAGISTRATE JUDGE'S SEPTEMBER 5, 2014 REPORT AND RECOMMENDATION [ECF NO. 33] AND GRANTING DEFENDANT'S MOTION TO SUPPRESS [ECF NO. 18]

On June 6, 2012, a federal grand jury in the Eastern District of Michigan issued an Indictment charging Defendant Samuel Duane Johnson, Jr. ("Defendant") with one count of felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). The firearm was discovered in the automobile Defendant was driving when he was stopped by Michigan Department of State Police on May 25, 2012. After his arrest in Texas, Defendant was arraigned in this District on August 23, 2012. He filed a motion to suppress the firearm on February 10, 2014. The government filed a response to the motion on March 10, 2014. (ECF No. 23.) On May 5, 2014, the Honorable Mark A. Goldsmith, who was assigned the matter at the time, referred the motion to Magistrate Judge Michael Hluchaniuk for a report and recommendation.[1] (ECF No. 24.)

_____

[1]The matter was reassigned by Judge Goldsmith to the undersigned pursuant to Administrative Order 14-AO-037 on July 2, 2014.

Magistrate Judge Hluchaniuk conducted an evidentiary hearing with respect to Defendant's motion on May 15 and June 9, 2014.  At the hearing, Michigan Department of State Police Sergeant Bradley Ross and Trooper Jason Walters testified, as well as Defendant.[1]  Supplemental briefs were filed by the parties following the hearing and on September 5, 2014, Magistrate Judge Hluchaniuk issued a Report and Recommendation ("R&R") in which he recommends that the Court deny Defendant's motion.  (ECF No. 33.)

In the R&R, Magistrate Judge Hluchaniuk summarizes the witnesses' testimony concerning the events in question.  (*Id*. at 2-6.)  He then analyzes the credibility of the witnesses, concluding that the officers were more credible than Defendant despite certain inconsistencies in their recollections of the events on May 25, 2012.  (*Id*. at 10-14.) Magistrate Judge Hluchaniuk next addresses Defendant's argument that he was "seized" for purposes of the Fourth Amendment when Officer Ross activated the patrol car's overhead emergency lights, concluding that no seizure occurred at least until Defendant stopped his car and after he "rolled" through a second stop sign which both officers testified they witnessed.[2]  (*Id*. at 14-16.)  Thus Magistrate Judge Hluchaniuk finds a preponderance of the evidence establishing that Defendant committed a civil infraction

---

[1]Sergeant Ross was a trooper on May 25, 2012.  The Court nevertheless will refer to him using his current title.

[2]Sergeant Ross testified that he saw Defendant "roll" through one stop sign, which Trooper Walters did not see, which caused Sergeant Ross to begin following Defendant's vehicle and to activate the patrol car's "emergency equipment."  (ECF No. 33 at Pg ID 286-287, citing 5/15/14 Hr'g Tr. at 9-10, 44-46.)

before he was stopped by the officers.  As such, he finds no basis to suppress the firearm viewed inside Defendant's vehicle after he was stopped and stepped out of the car.

At the conclusion of the R&R, Magistrate Judge Hluchaniuk informs the parties that they must file any objections to the R&R within fourteen days of service.  (*Id*. at 17.) Defendant filed objections on September 18, 2014.  (ECF No. 34.)  The government responded to Defendant's objections on September 29, 2014.  (ECF No. 35.)

## Standard of Review

When objections are filed to a magistrate judge's report and recommendation on a dispositive matter, the Court "make[s] a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). The Court, however, "is not required to articulate all of the reasons it rejects a party's objections."  *Thomas v. Halter*, 131 F. Supp. 2d 942, 944 (E.D. Mich. 2001) (citations omitted). A party's failure to file objections to certain conclusions of the report and recommendation waives any further right to appeal on those issues. *See Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir.1987). Likewise, the failure to object to certain conclusions in the magistrate judge's report releases the Court from its duty to independently review those issues. *See Thomas v. Arn*, 474 U.S. 140, 149 (1985).

## Analysis

Defendant asserts two objections to Magistrate Judge Hluchaniuk's R&R.

3

Objection 1

Defendant first maintains that while Magistrate Judge Hluchaniuk cited the correct factors relevant to assessing witness credibility, as set forth in Sixth Circuit Pattern Jury Instruction 1.07, he failed to apply those factors in his discussion.  Defendant then analyzes why he believes many of the factors weigh in favor of crediting his testimony concerning the events on May 25, 2012 over the testimony of the officers.  Instruction 1.07 "suggest[s] some things for [the jury] to consider" in assessing each witness' credibility:

> (1) the ability of the witness to see and hear the events; (2) the strength of the witness' memory; (3) whether something may have interfered with the witness' ability to perceive or remember the events; (4) the appearance of the witness while testifying; (5) whether the witness had a stake in the outcome of the case, any bias or prejudice, or any reason to lie or slant the testimony in favor of one side or the other; (6) whether the witness testified inconsistently and, if there was an inconsistency, whether the inconsistency was something important; and (7) how believable the witness' testimony was in light of all the other evidence.

(R&R at 9, citing Sixth Circuit Pattern Jury Instruction 1.07 (2011 ed.).)  The Court finds it unnecessary to address Defendant's arguments with respect to Magistrate Judge Hluchaniuk's assessment of these factors because it disagrees with the magistrate judge that the discrepancies in Sergeant Ross' and Trooper Walter's testimony are insignificant.

As an initial matter, the only significance of Trooper Walters not seeing the first alleged traffic violation is that the question of whether it occurred therefore becomes dependent on who the Court finds more credible: Defendant or Sergeant Ross. The Court will not speculate, as Magistrate Judge Hluchaniuk did, that Trooper Walters did not see

the violation because he may have been looking in a different direction for the few seconds that it would take to happen. There is no evidence suggesting why Trooper Walters did not observe the alleged violation.

Trooper Walters clearly recalled when he testified, however, that Defendant's vehicle did not pass the patrol car and that the officers did not turn or do a u-turn in their vehicle before they started following Defendant's vehicle. (6/9/14 Hr'g Tr. at 20.) This was inconsistent with Sergeant Ross' testimony. Contrary to Magistrate Judge Hluchaniuk, this Court finds this inconsistency significant in assessing whether Defendant or Sergeant Ross is more credible.

If Officer Ross did not turn the patrol car around or make a u-turn before he started following Defendant's vehicle, the officers' vehicle most likely had not traveled east of Wisner Street by the time Defendant's vehicle reached the intersection of Wisner Street and Cooper Street. This would be consistent with Defendant's testimony, that he saw the patrol car parked west of Wisner as he approached the intersection. And if the patrol car was parked east of Wisner Street, Defendant's testimony that he noticed the patrol car because his lights hit the side and illuminated the reflective symbol also would be believable. (*See* 6/9/14 Hr'g Tr. at 28.) This placement of the officers' vehicle also seems more probable than Sergeant Ross' claim that they were stopped facing westbound on Cooper, west of Wisner Street. (*See* 5/15/14 Hr'g Tr. at 9.) This is because it defies common sense that Defendant (notably with a firearm in his car) would drive past the occupied patrol car and then roll through the stop sign a short distance away. Thus,

5

applying common sense, the Court also finds Defendant's testimony that he stopped and signaled at the intersection credible.

In reaching this decision, the Court places more relevance than Magistrate Judge Hluchaniuk on the fact that the stop occurred in a "hot" spot where the officers are engaged in "proactive traffic policing." (5/15/14 Hr'g Tr. at 23-24.) The magistrate judge acknowledges in his R&R that an "officer's testimony may be colored by a personal or professional interest in the outcome of the case." (R&R at 10, citing *United States v. Lopez-Medina*, 461 F.3d 724, 744 (6th Cir. 2006).) However it is not evident that he evaluated whether such interests or the nature of the officers' patrol duties may have impacted their credibility. In light of the inconsistencies in the officers' testimony, the Court cannot ignore the reality that they were patrolling the area for traffic violations, but targeting weapons and/or drugs. Further, the Court agrees with Defendant that the fact he is facing significant jail time if convicted is not a reason on its own to discredit his testimony, as no criminal defendant's testimony would be deemed credible under this premise. The Court finds nothing else in Defendant's testimony concerning the first traffic violation to raise concerns about his credibility.

For these reasons, the Court is not convinced by a preponderance of the evidence that the first alleged traffic violation occurred. Thus the Court concludes that this alleged violation did not provide probable cause for the stop of Defendant's vehicle.

Objection 2

This takes the Court to Defendant's second objection, where he argues that Magistrate Judge Hluchaniuk erred in holding that he committed the second traffic violation before he was seized for Fourth Amendment purposes.  The Court does not find any of the cases cited by the parties instructive with respect to this issue, and the Court was not able to find useful cases in its own research.  Cases discussing a suspect's conduct while fleeing the police do not provide guidance because Defendant was not "fleeing" in response to the activation of the patrol car's emergency lights.  His actions are consistent with his testimony that he was pulling over in response to the officer's show of authority, although only once he reached a well-lit area.  (6/9/15 Hr'g Tr. at 30-31.)  For that reason, his failure to stop at the second stop sign did not provide probable cause for the officers' actions.

Defense counsel analogizes Defendant's actions to a driver on a three-lane highway who, in response to the activation of the overhead lights of a following police car, initiates the process of moving across the outside lanes of traffic to reach the side of the highway to stop, but perhaps fails to activate his turn signal while doing so.  (Def.'s Obj. at 18-19.)  This Court finds no trouble in concluding that the officers in counsel's hypothetical could not rely on the failure to signal as the sole basis for their stop.  Here, too, if the first alleged infraction did not occur, the Court concludes that the second infraction did not provide probable cause for the search.  The Court would reach a different conclusion if the evidence suggested Defendant was fleeing, but it does not.

7

There is no indication that he increased his speed when the patrol car lights were activated and he stopped at the BP station a short distance after rolling through the second stop sign.

For these reasons, although the undisputed evidence indicates that Defendant rolled through the stop sign at the intersection of Wisner Street and Myrtle Avenue, this has no bearing on whether the officers had probable cause to stop his vehicle. The relevant question is whether the officers had probable cause before that point. The government has not convinced this Court, by a preponderance of the evidence, that they did. Therefore, the Court concludes that the stop was not lawful and that the firearm subsequently found inside the vehicle must be suppressed. As such, the Court declines to adopt Magistrate Judge Hluchaniuk's September 5, 2014 Report and Recommendation (ECF No. 33).

Accordingly,

**IT IS ORDERED**, that Defendant's motion to suppress is **GRANTED**.

S/ Linda V. Parker
LINDA V. PARKER
U.S. DISTRICT JUDGE

Dated: November 4, 2014

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, November 4, 2014, by electronic and/or U.S. First Class mail.

S/ Richard Loury
Case Manager

8